SAMUEL B. EVANS, IMPLEADED WITH JOSIAH EVANS,

v.

ROSA L. EVANS.

*Separate Maintenance—Desertion of Wife by Husband—Lien upon Real Estate of Husband for Wife's Support—Title to Real Estate in Husband's Father.*

In an action brought by a wife, who had been deserted by her husband, against her husband and his father, for separate maintenance, and to subject certain real estate, the title to which was in the father, but which was alleged to belong in equity to the son, to a lien for the sum which might be decreed for her support, this court holds that the evidence supported the allegations of the bill, and that a decree in favor of the wife was correct.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Logan County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. BLINN & HOBLIT, for appellant.

An undelivered deed will not convey title to land. Mills v. Gore, 20 Pick. 28; Black v. Lamb, 12 N. J. Eq. 108; Hadlock v. Hadlock, 22 Ill. 388; Fisher v. Beckwith, 30 Wis. 55; Sturtevant v. Sturtevant, 116 Ill. 353; Robinson v. Robinson, 116 Ill. 254; Weber v. Christen, 121 Ill. 94; Blackman v. Preston, 123 Ill. 385; Prince v. Hudson, 125 Ill. 285.

Evans v. Evans.

A party alleging fraud must prove it, like any other fact. Brown v. Bierman, 24 Ill. App. 574; Dempsey v. Bowen, 25 Ill. App. 192.

Fraud will not be presumed when the transaction can be fairly reconciled with honesty. Chicago Stamping Co. v. Hanchett, 25 Ill. App. 198; Dempsey v. Bowen, 25 Ill. App. 192.

When a son seeks to establish title or an interest in land, founded upon an alleged parol promise by his father to give or convey the land to him, before he can succeed it must clearly and satisfactorily appear from the proofs:

First. That he was allowed and induced to make expenditures of money, and to make valuable and lasting improvements on the faith of the promised gift or conveyance, so that it would be inequitable and unjust to permit the father to retract the promise or refuse to execute the conveyance.

Second. That the possession of the land, the making of the expenditures and improvements should be clearly and definitely referable to the promised gift or conveyance; and the contract must be established by competent proofs, to be clear, definite and unequivocal in all of its parts. 2 Redfield's Ed. Story Eq. Jur., Sec. 764; Wood v. Thornly, 58 Ill. 464; Worth v. Worth, 84 Ill. 442; Clark v. Clark, 122 Ill. 388.

A wife seeking to subject lands claimed by her husband's father, to the lien of a decree for separate maintenance against her husband, must present such a case against the father as would entitle her husband to prevail against his father, were he suing for the land; in other words, unless the proofs were such as would justify a decree in the son's favor against his father, it would not justify a decree in his wife's favor.

Messrs. BEACH & HODNETT, for appellee.

A parol contract made by a father with a son to convey a tract of land where possession is taken thereunder, and the land improved, will be enforced in a court of equity.

Langston v. Bates et al., 84 Ill. 524; Kurtz v. Hibner et al., 55 Ill. 514; Smith v. Yocum, 110 Ill. 142; Irwin v. Dyke et al., 114 Ill. 302; Shepherd v. Beven, 9 Gilm. 32; King heirs v. Thompson, 9 Peters, 204.

To be availed of, the statute of frauds must be pleaded. Lear v. Chouteau et al., 23 Ill. 37; Finucan v. Kendig, 109 Ill. 198; Irwin v. Dyke, 114 Ill. 302; Gordon v. Reynolds, Id. 118. Under appellant's contention, this case involves a freehold, and the appeal should be taken to the Supreme Court. Starr & C. Ill. Stats. Vol. 2, Sec. 89, p, 1842; Lehman v. Rothbarth, 111 Ill. 185.

MR. JUSTICE WALL. This was a bill in chancery filed by the appellee against the appellants, alleging that the complainant was the wife of said Josiah Evans; that he had without cause deserted and abandoned her; that he was the owner in equity of the lands named in the bill, the legal title being in the defendant, Samuel B. Evans, and praying for an allowance for separate maintenance and that his interest in said lands might be subjected to the payment of whatever sum should be allowed her. The defendants answered separately. Substantially the only question made by the pleadings was as to the interest of Josiah Evans in the lands. The decree found as follows:

"That on June 21, 1838, complainant and defendant Josiah Evans were lawfully married in DeWitt County, Illinois; that they lived and cohabited together as husband and wife from the day of their marriage until February, 1889; that thereupon defendant, Josiah Evans, deserted and abandoned complainant without any cause or provocation, leaving complainant without money or property or means of support; that complainant had no property or money of her own with which to support herself, and has been obliged to support herself by the labor of her hands; that Samuel B. Evans is the father of Josiah Evans, and also of a large family of children; that several years ago he was the owner of a large tract of land in Logan County, Illinois, and prior to 1880, he divided his land among his said children; that among

other lands he gave to his son, Josiah Evans, the east half of the southwest quarter and the south half of the north-west quarter, of section 32, township 21, north, range 2 west of the 3rd P. M. in Logan County, Illinois, and placed said Josiah Evans in possession of the same; that under said gift said Josiah Evans has continued in possession and control of the same by tenants and otherwise ever since, and has, with the knowledge and consent of said Samuel B. Evans, made valuable and lasting improvements upon same; that said Samuel B. Evans has ever since said gift spoken of and regarded said lands as the land of said Josiah Evans; that on the 21st day of March, 1888, said Samuel B. Evans made out and acknowledged and left at the home of one of his sons, deeds to four of his children, properly conveying the legal title to the lands so given to said children, to each of them respectively; that among said deeds was one to the respondent, Josiah Evans, conveying to him the lands so given to him by said Samuel B. Evans, prior to the year 1880, including the lands above described; that in June, 1889, all of said deeds were filed for record in the recorder's office of Logan County, Illinois, excepting the one to respondent, Josiah Evans, who at that time had deserted complainant and was contemplating trouble from her, and the court finds that for that reason the deed conveying the title to said land to said Josiah Evans was withheld from the records; that said Josiah Evans is at least the equitable owner of said lands above described, and is entitled to the possession and control, issues and profits thereof, and that such equitable interests should be made liable to the payment of the allowance granted to complainant in this decree; that said Josiah Evans has no money or other property of any kind, save and except the lands above set forth, together with the other lands so given him by his father; that complainant is entitled to separate maintenance from said Josiah Evans from the time of his desertion until such time as he shall return to and live and cohabit with the complain-ant as her husband, and that the sum of $675 should be paid to her on the 1st day of July, 1891, and the sum of

$300 per year thereafter, payable quarter yearly; $75 on the 1st day of October, 1891, and a like sum of $75 on the 1st day of each three months thereafter, would be a fair, equitable and just allowance to aid in the support and maintenance of complainant. It is therefore ordered, adjudged and decreed that said Josiah Evans pay to the complainant, or to the clerk of this court, for her use, the sum of $675 on the 1st day of July, 1891, and the sum of $75 on the 1st day of October, 1891, and a like sum of $75 on the 1st day of each three months thereafter, being $300 per year, payable quarter yearly from the 1st day of July, 1891, until said Josiah Evans shall return to complainant and live and cohabit with her as her husband, and shall permit her to live with him as his lawful wife; it is further ordered, adjudged and decreed, that said money and allowance so decreed to be paid, is, and the same is hereby decreed to be, a valid and subsisting lien upon the equitable interest of said Josiah Evans in and to said above described lands, including the rents, issues, and profits thereof; and it is ordered that said yearly rents, issues and profits be, and they are hereby subjected to the payment of the above sum of money at the time and in the manner above specified; and in the event that said Josiah Evans shall fail to pay said several sums of money above decreed, then execution shall issue herein therefor."

The testimony is quite voluminous and it is not practicable to state it in detail or in substance. It may be said, however, that aside from the testimony of the appellant there is but little conflict. He insists that he never fully intended to give the land to his son, and that, while his plan was to divide his lands among his children, giving to Josiah the farm in question, yet he retained the title to it because he was not satisfied with the young man's conduct and prospects. There is no little difficulty in reconciling this position with his repeated statements to the contrary. On one occasion he was a witness in a suit between Josiah and the tenant regarding the rent, and he as well as Josiah testified that the land belonged to the latter. For

five or six years before the marriage the land had been treated as Josiah's by both parties, and the appellant had frequently during that time so stated to those who furnished tiling and repairs to the fencing and to others. He so told the appellee. During all that time Josiah was permitted to enjoy the rents and to control the land. There is very strong reason to suppose that the position now taken by appellant is an afterthought and that the main purpose is to defeat the just claim of appellee.

After a careful consideration of the evidence we are inclined to agree with the conclusion reached by the Circuit Court.

The decree will be affirmed.

*Decree affirmed.*